# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. MARKLE and<br>LINDA M. MARKLE, his wife<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANGSTON CORPORATION and<br>PRIME TECHNOLOGY, INC.<br><br>　　　　　Defendants. | :　02-CV-2607<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

　　　　AND NOW, this _____ day of _____ 2003, upon consideration of plaintiffs' Motion in Limine and the Response by defendant Prime Technology, Inc., IT IS HEREBY ORDERED that plaintiffs' Motion in Limine is denied as MOOT.

　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. MARKLE and<br>LINDA M. MARKLE, his wife<br><br>Plaintiff,<br><br>v.<br><br>LANGSTON CORPORATION and<br>PRIME TECHNOLOGY, INC.<br><br>Defendants. | : 02-CV-2607<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT PRIME TECHNOLOGY, INC.'S
RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

Defendant Prime Technology, Inc., (Prime) responds to plaintiffs' Motion in Limine by incorporating the attached Memorandum of Law, plaintiffs' Motion did not include numbered paragraphs that require any further response.

Respectfully submitted

**WHITE AND WILLIAMS LLP**
Attorneys for Defendant,
Prime Technology, Inc.

John A. Orlando, Esquire
Identification No. 38420
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7176

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. MARKLE and<br>LINDA M. MARKLE, his wife<br><br>          Plaintiff,<br><br>v.<br><br>LANGSTON CORPORATION and<br>PRIME TECHNOLOGY, INC.<br><br>          Defendants. | : 02-CV-2607<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT PRIME TECHNOLOGY, INC.'S MEMORANDUM OF LAW
IN RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

In their Motion in Limine, plaintiffs raise three issues. The first issue concerns whether the defendants can argue that plaintiff James Markle was comparatively negligent. Although their Complaint alleges product liability and negligence counts, plaintiffs have made it clear that they intend to proceed at trial only a strict liability theory. Therefore, plaintiffs' alleged comparative negligence is not an issue for the jury. Thus, Prime acknowledges that it will not seek comparative negligence jury instructions and will instruct its expert not to testify that the plaintiff was comparatively negligent or was performing some unsafe act. However, the jury will certainly hear evidence concerning what plaintiff was doing and when he was doing it, plaintiff's actions leading up to his injury are relevant as to the issue of causation but it is agreed that comparative negligence is not an issue.

Second, plaintiffs argue based on their reading of Prime's liability expert's report that Prime may attempt to introduce evidence that the plaintiff misused the Langston Flexo Folder-

Gluer machine. Prime has no intentions of arguing that the plaintiff misused the machinery in this case. Likewise plaintiffs also note that they suspect that perhaps defendants will argue that plaintiff assumed the risk of his own injuries. Prime has never indicated its intention to argue assumption of the risk and hereby advises plaintiffs and this Honorable Court that it does not intend to argue at trial that plaintiff assumed the risk of his injuries.

Thus, the only remaining issue is the plaintiffs' Motion with respect to Prime's liability expert, Hal Schwartz. Mr. Schwartz issued his first report, *attached as Exhibit A*, and based on his engineering experience, he opined that 11 gauge stainless steel plate with a rolled front edge making it stronger, and being securely fastened on both sides, and given its measurements and given the weight of the plaintiff, the 11 gauge stainless steel as configured and as attached, would not deflect. That is an opinion that is perfectly appropriate given the expert's background and training and the known qualities and strengths of 11 gauge stainless steel. *See also a copy of the resume of Mr. Schwartz attached as Exhibit B.*

Nevertheless, out of an abundance of caution, Prime requested its liability expert to author a supplemental report providing some background information and data in support of the very obvious opinion that 11 gauge stainless steel cut in the dimensions and to the shape at issue in this case, and supported firmly to the structural steel members of the Langston Flexo Folder-Gluer machine as existed in this case, simply would not deflect given the body weight of the plaintiff. *See Exhibit C for the supplemental report authored by Mr. Schwartz.*

Nothing further is required to permit the testimony and opinions of Mr. Schwartz. If plaintiffs' expert has any doubts, presumably that expert has the required expertise to test the opinion offered by Mr. Schwartz given the known set of facts in reference to the size, configuration and attachment data that has been developed in discovery and that is relevant to the

-2-

Langston Flexo Folder-Gluer involved in this case. The opinion of Mr. Schwartz is the product of reliable principles and methods based on the known properties of 11 gauge stainless steel given the dimensions and configurations of that stainless steel that are not at all in dispute in this case. Surprisingly, plaintiffs complain that "there are no bending equations for 11 gauge stainless steel which support the testimony of Hal Schwartz" and yet these same plaintiffs have submitted an expert report alleging that the stainless steel would deflect. The expert report submitted on behalf of the plaintiffs likewise contains no such bending equations.

Therefore, given the known qualities of 11 gauge stainless steel, and because the size and configuration and attachment data for the particular sidebed table made of 11 gauge stainless steel are all known and undisputed as a result of the discovery completed in this case, the testimony offered by Hal Schwartz is certainly reliable, based on appropriate scientific standards and known scientific properties of stainless steel. Thus Mr. Schwartz should be permitted to testify at trial consistent with his reports.

    Respectfully submitted,

    **WHITE AND WILLIAMS LLP**
    Attorneys for Defendant,
    Prime Technology, Inc.

    John A. Orlando, Esquire
    Identification No. 38420
    1800 One Liberty Place
    Philadelphia, PA 19103-7395
    (215) 864-7176

## CERTIFICATE OF SERVICE

I, John A. Orlando, Esquire, hereby certify that a copy of the attached Response to plaintiffs' Motion in Limine has been served on the following individual(s) by first class mail, postage prepaid, on the date below:

Alan M. Feldman, Esquire
Daniel J. Mann, Esquire
FELDMAN, SHEPHERD,
 WOHLGELERNTER & TANNER
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103

Donald M. Davis, Esquire
Leonard Lipson, Esquire
MARGOLIS EDELSTEIN
The Curtis Center, 4th Floor
Independence Square West
Philadelphia, PA 19106-3304


**WHITE AND WILLIAMS LLP**
Attorneys for Defendant
Prime Technology, Inc.


By:_____
    John A. Orlando, Esquire


Dated: 5/16/03

DOCS_PH 1425436v1